GRISBAUM, Judge.
The defendant, Darrell L. Williams, appeals his conviction of forcible rape and his sentence of 18 years at hard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence. We affirm the sentence and conviction and remand the matter for an eviden-tiary hearing.
FACTS
The basic record facts concerning the circumstances of the crime are not relevant to the issue presented. The pertinent facts are that the defendant is black and his rape victim is white. Moreover, five black persons were chosen from the general jury venire for voir dire examination. Of these five potential jurors, one was excused for cause. The State used three of its four exercised peremptory challenges to remove three black persons as potential jurors. The fifth black was accepted and served on the jury, which was n/i2 white.
ISSUE
The primary question presented is whether the State’s use of its peremptory challenges to remove jurors from the petit jury was based solely on race, in violation of the equal protection clauses of the United States and Louisiana Constitutions and LA. C.Cr.P. art. 795(B).
LAW
In exercising our standard of review, we are guided by Louisiana statutory law in La.C.Cr.P. art. 795(B), which, in part, states, “A peremptory challenge by the state shall not be based solely upon the race of the juror.” Additionally, our jurisprudence in Taylor v. Louisiana, 419 U.S. 522, 528, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975), states that the selection of a petit jury from a representative cross-section of the community is an essential component of the sixth amendment right to a jury trial. Some state constitutions expressly grant the defendant a right to trial by jury drawn from a representative cross-section of the community (for example, see West Ann. Cal. Const, art. I, § 16; West F.S.A. Const, art. I, § 16).
In a ruling of recent vintage, Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the equal protection clause forbids prosecutors from challenging potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable to impartially consider the state’s case against a black defendant. It held that in order for a defendant to establish such a *152 case, he must first show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant’s race. Second, the defendant is entitled to rely on the fact that “peremptory challenges constitute a jury selection practice that permits ‘those to discriminate who are of a mind to discriminate.’ ” Batson v. Kentucky, 106 S.Ct. at 1723, quoting Avery v. Georgia, 345 U.S. 559, 565, 73 S.Ct. 891, 892, 97 L.Ed 1244, 1247-48 (1953). Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen from the petit jury on account of their race. Once the defendant makes that prima facie showing, the burden shifts to the state to offer a neutral explanation for challenging black jurors, and that neutral explanation must be related to the particular case to be tried. However, the Supreme Court expressly declined to formulate particular procedures to be followed upon a defendant’s timely objection to a prosecutor’s challenges. In 106 S.Ct. 1712, 1724 n. 24 of Batson, the court states:
In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today. For the same reason, we express no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from the panel not previously associated with the case, see Booker v. Jabe, 775 F.2d [762] at 773, [6th Cir.1985] or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the ve-nire, see United States v. Robinson, 421 F.Supp. 467, 474 (Conn.1976), mandamus granted sub nom. United States v. Newman, 549 F.2d 240 (CA 2 1977).
ANALYSIS
We note the trial judge, in the trial transcript, articulately analyzes that
Under Louisiana Law, specifically a newly amended Article 795 passed by the legislature, Act Number 323 in the last session amended 795, specifically added the last sentence of peremptory challenge by: The state shall not be based . solely upon the race of the juror.
There are no Louisiana cases that deal with the particular newly created legislative act. However, Batson versus Kentucky, 106 Supreme Court Reporter, 1712 delineates and spells out under the equal protection argument that a challenge because of race certainly is improper and cannot be allowed. Batson further went on to modify the law to allow a defendant to prove his case or make a prima facie showing of that discriminatory conduct through certain procedures.
First, the defendant must show that the defendant is a member of a cognizable racial group.
Two, that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant’s race.
Three, that the defendant must show that such facts in any other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude the venire men from the petit jury on account of their race.
There is not further definition or delineation as to what procedures a trial court should undertake when confronted with that argument by counsel.
Accordingly, I feel that a mistrial would in effect be inappropriate. That the rights of the defendant are adequately protected either by further showing or a hearing to find out whether or not we have had a systematic exclusion of a given race from the jury and not a mistrial because the defendant on this has the burden of proof and the burden is more than a statement to that effect. So I believe the defendant’s rights are still protected in that the issue may well be raised still on a motion for a new trial and/or considered by the Appellate Court with the record, but at the present time I do not believe it is appropriate to grant a *153 mistrial or stop the proceedings in this trial to conduct such an evidentiary hearing to make that determination. So, accordingly, you [sic] motion for a mistrial will be denied.
(Case citation as it appears in the original.)
The trial court continued in its colloquy by stating, “[T]he remedy under the law and the case of Batson are more properly addressed post-trial either in a motion for a new trial or in evidentiary hearing, if you will, for the determination of discriminatory challenges.” (Case citation as it appears in the original.) After additional exchanges between both counsel, the trial judge further clarified his appreciation of carrying out the mandates of the United States Supreme Court and our state statutes by stating
I will allow the State to reduce to written form now its reasons [for removing jurors by peremptory challenge] and I'll seal it. Then when we get to the eviden-tiary hearing you’ll still have the adequate opportunity to cross as to what was written down as to the purported reasons for the challenge. I think that’s the only way I can insure that the State can, at the moment of the objection, say these are my reasons and not be subject to a later attack, “Well, you made them up after the trial,” and yet still protect the defendant so that he can cross on them without having to do it right in the middle of the trial, (emphasis supplied.)
Finally, the trial judge explained, “It [the rationale of the jury exclusion] will be sealed and placed in the record. That will not be available for inspection by either the State or the defendant unless a motion is made and both parties are present to review it.”
From our viewing this colloquy and the entire record, it is abundantly clear that the trial judge was well aware of the impact of Batson and La.C.Cr.P. art. 795(B). It is equally clear that, absent further delineation of particular procedures to be followed upon a defendant’s timely objection to a prosecutor’s challenges, the trial judge exercised his discretion and denied the defendant’s motion for a mistrial. It is also evident he did so because, in his judgment, the defendant’s rights would be adequately protected post-trial either in a motion for a new trial or in an evidentiary hearing. Moreover, he found it would be inappropriate to grant a motion for a mistrial or to stop the trial proceedings to conduct the evidentiary hearing necessary to determine defendant’s allegation of race-motivated prosecutorial use of peremptory challenges. He noted that, of five black veniremen, one was excused for cause, one was accepted, and three were excused by State peremptory challenges. The defendant belongs to a cognizable racial group, and the prosecutor used peremptory challenges to remove venire members of the defendant’s race. The defendant is entitled to rely on the fact that “peremptory challenges constitute a jury selection practice that permits ‘those to discriminate who are of a mind to discriminate.’ ” Batson, 106 S.Ct. at 1723, quoting Avery, 73 S.Ct. at 892.
We agree and find these facts, combined with testimony that the black defendant, accused of raping a white victim and tried by a jury that was [1]⅛2 white, are sufficient to raise an inference that the prosecutor used peremptory exceptions to exclude veniremen from the petit jury on account of their race. Thereafter, it necessarily follows that, once the defendant established the above inference, the burden shifted to the State to offer a neutral explanation, related to the particular case to be tried, for challenging black jurors. Batson, 106 S.Ct. at 1723.
We also agree this type of hearing can only be practically addressed in a post-trial atmosphere.
Finally, other issues (through three additional assignments of error) have been raised, which, after a careful review of the record in its entirety, we find have no merit.
For the reasons assigned, the conviction and sentence of the trial court are affirmed. Additionally, it is ordered, adjudged, and decreed that an evidentiary hearing be held by the trial court within a reasonable time.
AFFIRMED AND REMANDED.

. R.S. 14:42.1 B provides:
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.