522 So.2d 658 (1988)
STATE of Louisiana,
v.
Vincent GILMORE.
No. 87-KA-740.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
*660 Martha E. Sassone, Twenty-Fourth Judicial Dist. Indigent Defender Bd., Gretna, for appellant.
John M. Mamoulides, Dist. Atty., Denis Ganucheau, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna (Louise Korns, of counsel, Office of the Dist. Atty., Twenty-Fourth Judicial Dist.), for appellee.
Before CHEHARDY, C.J., and KLIEBERT and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Vincent Gilmore appeals his conviction, by a jury, of two counts of armed robbery (LSA-R.S. 14:64) and the resulting two concurrent sentences, each of 50 years' imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
He makes the following assignments of error: (1) that the trial court erred in denying defendant's motion to quash the petit venire; (2) any and all errors patent on the face of the record; (3) that the trial court erred in denying defendant's motion for a new trial; and (4) that the sentence imposed on defendant is unconstitutionally excessive.
Defendant was charged with robbing Virginia Conkle, owner of Cajun Mart Gifts and Collectibles in Gretna, Louisiana, and Sherry Scott, a customer of the shop, on May 27, 1986. Conkle and Scott testified that as defendant was purchasing a stuffed animal at the shop, he pulled out a gun and ordered them into the store's bathroom, where he demanded their jewelry. He also took Conkle's wallet and the paper currency from the store's cash box. After defendant left the store, Scott ran to the window to get the license number of the robber's car. She called out the number to Conkle, who relayed it to the police by telephone.
Using a computer, the Jefferson Parish Sheriff's Office determined that the owner of the automobile seen leaving the scene was Vincent Gilmore. The police prepared a photographic lineup, from which Conkle *661 and Scott both selected Gilmore's photograph and identified him as the perpetrator. Both victims again identified Gilmore as the robber face-to-face at trial.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant argues that the State introduced discrimination in the selection of the petit jury by peremptorily challenging blacks for no trial-related basis.
Use of peremptory challenges based solely on a juror's race is prohibited. LSA-C.Cr.P. art. 795(B); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). To prove purposeful racial discrimination in selection of the petit jury, the defendant must show he is a member of a cognizable racial group; that the prosecutor exercised peremptory challenges to remove from the venire members of the defendant's race; and that the facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude the veniremen from the petit jury on account of their race. The combination of these factors establish a prima facie case of purposeful discrimination. Batson v. Kentucky, supra.
Once the defendant has established a prima facie case on this issue, the burden is upon the prosecution to present a neutral explanation for the challenges.
Following selection of the jury in the trial at issue, defendant moved to quash the jury, on the ground that the State dismissed a number of black venire members without apparent valid reason.
In response, the State pointed out that two blacks had been empanelled. Of the remainder, the prosecutor stated, he had dismissed one who had been prosecuted for theft, two who were inattentive and seemed uninterested in the proceedings, and one (a salesman) with whom the prosecutor recalled having dealings at a store. The prosecutor had made no notation on why he dismissed a fifth black member of the venire. He pointed out further that, with two black members, the jury was 162/3% black.
The trial judge stated he felt the jury selected represented a fair cross-section of the community in Jefferson Parish and that the defendant had failed to show systematic exclusion of black people by the State.
Considering the above, we conclude the defendant failed to establish a prima facie case of purposeful discrimination in the jury selection process.
ASSIGNMENT OF ERROR NO. 2
Defendant's second assignment of error is any errors patent on the face of the record. A patent error is an error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. art. 920.
Our review of the record indicates that, although the transcript of the sentencing proceeding shows the court stated the sentences were to be without benefit of probation, parole or suspension of sentence, the minute entry recording the imposition of the sentences fails to reflect that condition.
Where there is a discrepancy between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). The error in the minute entry is clerical, causes no prejudice to defendant's rights, and does not merit reversal. See State v. Falls, 508 So.2d 1021 (La.App. 5 Cir.1987). We will, however, order the district court to correct the minute entry to reflect the sentence imposed.
ASSIGNMENT OF ERROR NO. 3
Defendant's third assignment of error is that the evidence presented was insufficient to justify the verdicts.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to assess the sufficiency of the evidence due process requires that the reviewing court determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Rosiere, 488 So.2d 965 (La. 1986).
*662 Defendant was convicted of armed robbery, which is defined by LSA-R.S. 14:64(A) as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
The State's evidence established that on May 27, 1986, a man entered the Cajun Mart shop; that he pointed a gun at Virginia Conkle and ordered her into the bathroom; that he pointed a gun at Sherry Scott and ordered her into the bathroom; that, still armed, he demanded their jewelry and took Conkle's wallet, as well as the bills in the shop's cash box; and that the license plate number given by Conkle to the police belonged to defendant's car. Both victims identified defendant as the man who entered the store, pointed a gun at them and robbed them. Both also identified the weapon produced by the State as the gun defendant used during the robbery.
The identification of defendant by the victims is clearly reliable. The robbery occurred in the morning and lasted approximately 20 minutes; the defendant was undisguised and both victims viewed him face-to-face.
Defendant testified that he was a senior in high school at the time and that on the day in question he was at school.
The jury, faced with a credibility determination of conflicting testimony, returned a unanimous verdict of guilty on both counts. Obviously the jury found the State's witnesses more convincing.
In criminal cases, it is not the function of an appellate court to evaluate the credibility of witnesses or to overturn factual determinations. State v. Richardson, 425 So.2d 1228 (La.1983). Accordingly, we find no merit to this assignment.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendant argues that the written verdict returned by the jury was incomplete and did not indicate their intentions adequately. The verdict form as completed by the jury read, for each count, "12-0 guilty." Defendant asserts this is ambiguous because it does not indicate whether the jury found defendant guilty of the offense charged or of a lesser-included offense.
Under LSA-C.Cr.P. art. 810, there is no formal requirement as to the language of the verdict except that it clearly convey the jury's intention.
Here, the trial judge accepted the verdicts as the judgment of the court and then discharged the jury. However, he then had them brought back into the courtroom, where he asked each juror what his or her intention was. Each responded that he or she had found defendant guilty of armed robbery on both counts.
If the intention of the jury is ambiguous, it may be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, and the form of the verdict submitted. State v. Vincent, 387 So.2d 1097 (La.1980).
The oral verdict ultimately stated by the jurors is part of the record and clearly indicates their intentions. Accordingly, there is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 5
In his final assignment, defendant asserts the sentence is unconstitutionally excessive. He received 50 years' imprisonment at hard labor on each count, without benefit of probation, parole or suspension of sentence. The maximum sentence he could have received on each count was 99 years without benefit of parole, probation or suspension of sentence.
A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense and nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
"Sentences must be individualized to be compatible with the offenders as well as the offenses." State v. Robicheaux, 412 So.2d 1313 at 1319 (La.1982). The trial judge is required to consider the factors enumerated in LSA-C.Cr.P. art. 894.1 and to articulate the reasons for the sentence imposed. Id.
*663 Unless there is a manifest abuse of the trial judge's discretion, sentencing shall not be set aside. State v. Telsee, 425 So.2d 1251 (La.1983). The three factors to be considered by a court in reviewing a sentence are the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by the same court and other courts. Id.
In sentencing the defendant, the judge specifically discussed the factors set out in C.Cr.P. art. 894.1(B). He stated he believed defendant would commit another crime if not incarcerated. The judge noted there were several charges outstanding against defendant at the time of the sentencing hearing, including first degree murder, armed robbery (three counts), and possession of cocaine. The judge concluded that defendant's background and the severity of the offense merit the sentence imposed.
Considering the above, we find no merit to this assignment of error.
For the foregoing reasons, therefore, the defendant's conviction and sentence are affirmed. The case is remanded and the district court is ordered to correct the minute entry of the sentencing to state accurately the sentence imposed.
AFFIRMED.