VICTORY, J.,
dissenting.
|tI disagree with the majority’s holding that the State need simply assert that a potential juror has prior arrests or convictions to satisfy its burden of production under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). I also disagree with the majority’s belief that requiring the State to produce the arrest or conviction records turns its burden of production into a burden of persuasion in contravention of Batson. In my view, when a party exercises a peremptory challenge based on information known only to him and not observable during voir dire, the factual basis of that information must be disclosed to the other party and the court.
The Supreme Court in Batson held that an equal protection violation occurs if a party exercises a peremptory challenge to exclude a prospective juror on the basis of a person’s race. State v. Elie, 05-1569 (La.7/10/06), 986 So.2d 791, 795. Under Batson, if the defendant makes a prima facie showing of discriminatory strikes, the burden of production shifts to the State to offer raeially-neutral explanations for the challenged members.[1] The neutral explanation must be one which is clear, ^reasonable, specific, legitimate and related to the particular case at bar. State v. Collier, 553 So.2d 815, 820 (La.1989). The first two Batson steps govern the production of evidence that allows the trial court to determine the persuasiveness of the defendant’s constitutional claim. Johnson v. California, 545 U.S. 162, 171, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). Finally, the trial court must decide, in step three of the Batson analysis, whether the defendant has proven purposeful discrimination. Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam). In State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 289, we explained that in the third stage of the Batson analysis, “the trial court should examine all of the evidence available; essentially, this involves a comparison of the arguments and facts in support thereof posited in the defendant’s prima facie offering with the ‘race-neutral’ reasons articulated by the prosecutor to determine whether the prosecutor engaged in purposeful discrimination.” Id. at 289. “This comparison must be made in light of the record; although reviewing courts owe the trial judge proper deference in assess *132 ing the credibility of in-court testimony, ... simple assertions of ‘good faith’ by the prosecutor are insufficient to counter a valid BaUon challenge.” Id. at 289-90.
As stated, the race-neutral explanation must be one which is clear, reasonable, specific, legitimate and related to the particular case at bar. Collier, supra at 820. While a prior arrest and/or conviction is a sufficient race-neutral reason for the exercise of a peremptory challenge, State v. Thompson, 516 So.2d 349, 354 (La.1987), cert. denied, Thompson v. Louisiana, 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988), reh’g denied, 488 U.S. 976, 109 S.Ct. 517, 102 L.Ed.2d 551 (1988); State v. Griffin, 563 So.2d 334, 339 (La.App. 3 Cir.), writ denied, 567 So.2d 100 (La.1990); State v. Williams, 545 So.2d 651, 655 (La.App. 5 Cir.1989), writs denied, 556 So.2d 53 (La.1990), 584 So.2d 1157 (La.1991), that reason still must be legitimate, i.e, based in fact, and not Uniere pretext.[2] Here, the defendant claims that arrest and conviction records are readily available to the State, but not to the defense, and this appears to be the case.[3] Thus, unlike the basis for other race-neutral reasons, such as a potential juror’s facial expressions or attitude, prior arrests and convictions are not observable or known to anyone but the State during voir dire. Therefore, the legitimacy of the reason for the strike is unknown to the trial court or the defense.
The Fourth Circuit fashioned the “Knighten rule” to solve this problem:
We simply cannot tell from this record how the prosecutor determined that the challenged jurors had arrest records. We have no more than unsworn statements of the prosecutor unaided by exhibits of records, affidavits or cross-examination. The fact that the prosecutor did not disclose the alleged arrest information to the defense until her challenges had been made, precluded the defense from developing an adequate record on appeal. As the defense attorney is protecting the constitutional rights of both the defendant and the excluded juror, he must be given the opportunity to show that the prosecutor’s reasons are either not legitimate or merely pretext. Furthermore, the trial judge, in order to properly weigh the evidence, would also need to see the arrest records to be able to make the same determination. Without the prosecutor producing such records, neither the defense attorney nor the judge would be able to determine whether the prosecutor’s reasons satisfy the requirements established in Batson, 476 U.S. at 98, 106 S.Ct. at 1723-1724.
We, therefore, hold that where the prosecutor uses prior arrest records as a purported race-neutral reason in response to a Batson claim, he must provide the defense attorney with evidence of those records, if the defense attorney requests further proof of the prior arrest, and that the arrest records be fur *133 nished to the trial judge and be put on the record.
State v. Knighten, 609 So.2d 950, 957 (La.App. 4 Cir.1992).[4]
This Court faced a similar issue in Green, supra, when we addressed whether the State’s claim that it was challenging a prospective juror because “he voted in a case in this court ... the jury voted on a police case of a lesser charge,” was sufficient to withstand the Batson analysis. We held that it was not:
Regarding the statement of prior jury service, while we disagree with the court of appeal’s strong pronouncement that it “is contradicted by the record,” we do find that it is not supported by the record. There is nothing in the record demonstrating how the prosecutor became aware of [the potential juror’s] prior jury vote; the question was never asked of [the potential juror] during voir dire, and the prosecutor never articulated or presented documentary evidence showing the basis of his knowledge of [the potential juror’s] vote. Although the State during oral argument was able to present a plausible, and possibly satisfactory, answer to our concerns, the statements of counsel during oral argument are not part of the official record which we review in this case. While we recognize that the defendant has the ultimate burden of persuasion in this case, we find that such an unsupported assertion, which has the appearance of being pulled out of “thin air,”.is simply too insubstantial to resist the prima facie case offered by the defense. (Emphasis added.)
Id. at 291.[5]
Like in Green, there is nothing in the record here supporting the State’s assertion that Ms. Joseph had a prior conviction, and, therefore, no way of knowing whether the reason for the strike was le--gitimate. Thus, I have no problem in principle with the Fourth Circuit’s Knighten rule, as it provides a simple way of requiring the | r,State to produce a legitimate race-neutral reason, allowing a trial court to conduct a proper Batson analysis, and allowing a defendant to challenge a prosecutor’s reason for striking a juror and make a proper record on appeal in a situation where the factual basis of prosecutor’s reason is unknown and unobservable from voir dire. I am sure the State would insist on the same if defense counsel came up with a reason for challenging a juror to which only he was privy.
I point out that there are additional and simpler methods to solve this problem. Rather than relying on the word of the prosecutor, the credibility of the prosecutor’s reason can be tested by any of several simple methods: (1) requiring the State to turn over the record; (2) questioning the challenged juror individually in chambers; (3) asking the entire jury pool at the beginning of voir dire whether there is any *134 reason they might not be comfortable serving, including prior arrests or convictions; or (4) including prior arrests or convictions in the jurors’ questionnaire.
In any event, the real issue in my mind is not whether Knighten was violated or whether Knighten is contrary to Batson. The real issue here is whether the State exercised a peremptory challenge to exclude Ms. Joseph on the basis of race and thus violated Batson. For only a Batson violation requires reversal of the jury verdict, and Batson is violated if the assertion that Ms. Joseph has a prior conviction is not true. If Ms. Joseph actually has a prior conviction, then the State’s race-neutral reason is legitimate.[6] Because trial is over, the only way to know if the strike is | ¡^legitimate is to require the State to go back to the trial court on remand and make a proffer of Ms. Joseph’s conviction record. I would remand this case for that purpose.
For all of the foregoing reasons, I respectfully dissent.

. The Supreme Court's decision in Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991), held that the issue of whether the defendant has established a prima facie case becomes moot if the court requires, and the prosecutor responds, with his race-neutral reasons for excusing the prospective jurors. A trial judge may therefore effectively collapse the first two stages of Batson and rule on the question of discriminatory intent without deciding or even deciding incorrectly, the question of whether the defendant established a prima facie case of purposeful discrimination.

. State v. Powell, 598 So.2d 454, 462 (La.App. 2 Cir.), writ denied, 605 So.2d 1089 (La.1992) ("It would have been preferable for the prosecutor to place some evidence of [the prospective juror’s] (and his son's) criminal cases on the record.... a potential for abuse [exists] when the prosecutor's explanation is not grounded on anything clearly established on the record.”); but see State v. Kandies, supra, 467 S.E.2d at 77 ("Absent evidence to the contrary, it is not unreasonable for the trial court to assume that the prosecutor is telling the truth with regard to the criminal records of prospective jurors.”).

. Although not clear from the record, evidently the State has access to the records from the National Crime Information data base or the City of New Orleans Police computer. See State v. Harvey, 358 So.2d 1224 (La.1978) (describing the nature of the subpoenas the defendant issued to get the records).

. Most recently, we apparently agreed in principle with Knighten when we granted a priority writ application in State v. Smith, 14-1204 (La.5/17/14). There, the trial court ordered the State to turn over the arrest and conviction records of all potential jurors, and we granted the State’s writ, reasoning as follows:
Writ granted. The Court of Appeal’s ruling is reversed. Its ruling broadens the Knight-en rule, and the ruling itself is premature because (1) the State has not moved to strike a juror,- (2) the defendant has not made a Batson challenge, and (3) the State has not offered a prospective juror’s criminal record as reason for striking a juror. Further proceedings shall be conducted consistent with this ruling.

. However, the Court found another reason offered for the challenge of this juror was sufficient to overcome the Batson challenge, thus the jury verdict was not affected.

. There are no other indications in the record of discriminatory’ intent. While the defendant's race is not disclosed, the jury that decided defendant’s case was composed of four African-American jurors and two Caucasian jurors. Even under the most permissive reading of Batson, it is difficult to perceive a discriminatory intent on the prosecutor's part. While Ms. Joseph was the first peremptory strike exercised by the State, there is absolutely no pattern of discrimination throughout the entire voir dire of this case.