339 So.2d 10 (1976)
STATE of Louisiana
v.
Eugene DUPRE, Jr.
No. 58058.
Supreme Court of Louisiana.
November 8, 1976.
Caliste Beard, Jr., Caliste Beard, Jr., Ltd., Lafayette, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Ronald E. Dauterive, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On the night of February 5, 1976, the defendant, Eugene Dupre, Jr., was driving west on Congress Boulevard in Lafayette, Louisiana when he was stopped for speeding by Officer Andrew Pettus of the Lafayette Police Department. The officer requested the defendant's driver's license which was not produced, and the defendant said that he must have forgotten it. Officer Pettus asked the defendant for his name, address and date of birth and the defendant was then arrested for violating R.S. 32:415, operating a motor vehicle with a suspended driver's license. Defendant was tried and convicted of this offense in the City Court of Lafayette and sentenced to a fine of $100 plus costs and one hundred twenty-one days in the parish jail. A portion of the jail term was suspended during good behavior and the defendant was subject to supervised probation for a period of one year. On July 1, 1976 this court granted writs of review, principally to review the claimed violation of the "best evidence" rule (R.S. 15:436, 437).
The State's first witness at trial was Ossie Savoie, license control officer and deputy custodian of State records, who testified as to the status of the defendant's license (under suspension). The witness testified from his personal knowledge of the records and the records were not introduced into evidence. Defendant now contends that this testimony violated the "best evidence" rule embodied in R.S. 15:436, 437.
*11 The record reveals that when Mr. Savoie began his testimony, defense counsel objected on the following grounds: (1) there was no proper foundation for testimony about the defendant's past driving record; (2) there had been no showing yet that the defendant had been charged with any crime; (3) there was no showing that the witness was the one authorized to testify about the records. Defense counsel also stated, "I would like to make my objection general." It is evident that the thrust of these objections was to the order of proof. At no time did defense counsel ever base his objections on the ground that the witness' personal knowledge of the record was not the "best evidence" available. In addition, prior to testifying as to defendant's record, Mr. Savoie stated that he did have the defendant's record (the "best evidence") with him in court.
The very purpose of C.Cr.P. 841, the "contemporaneous objection" statute, is to put the trial judge on notice of the alleged irregularity so that he may cure the problem. Here, had defense counsel objected to Mr. Savoie's testimony on "best evidence" grounds, the State could merely have offered the defendant's record into evidence. Since no contemporaneous objection was made and since the defendant's record was in fact available, no "best evidence" objection is before this court. This assignment lacks merit.
The second assignment of error alleges the improper introduction of evidence of other crimes in violation of State v. Prieur, 277 So.2d 126 (La.1973). In his third assignment the defendant contends that the arresting officer lacked probable cause to arrest him. Finally, the defendant's last assignment alleges that the trial court erred when it overruled defendant's motion for a directed verdict based on the alleged failure of Officer Pettus to properly and timely advise the defendant of his Miranda rights. A review of the record reveals that the trial judge committed no error in his rulings on any of these particulars. These assignments lack merit.
Accordingly, the conviction and sentence are affirmed.