506 So.2d 1283 (1987)
STATE of Louisiana, Appellee,
v.
Marvin EVANS, Appellant.
Nos. 18532-KA, 18533-KA.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1987.
*1284 Indigent Defender Board by David Newell, Homer, for appellant.
John C. Blake, Dist. Atty., John Michael Ruddick and George H. Meadors, Asst. Dist. Attys., Haynesville, for appellee.
Before HALL, C.J., and MARVIN and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
Defendant, Marvin Evans, was convicted after trial by jury of second degree battery in violation of LSA-R.S. 14:34.1 and of simple robbery in violation of LSA-R.S. 14:65. After conviction, the district attorney filed an information accusing defendant of a prior felony conviction. LSA-R.S. 15:529.1. Defendant was subsequently adjudged an habitual offender. He was sentenced to the maximum period of ten years at hard labor on the battery conviction, and to the maximum period of fourteen years at hard labor on the robbery conviction. In addition, defendant was fined $2,000.00 or in default thereof to serve one year in prison. Defendant appealed asserting five assignments of error.

FACTS
Near midnight on August 6, 1985 the fifty-five year old victim, a grocery store owner in Haynesville, Louisiana, was distracted by a woman lurking beside a small building adjacent to his store. With the aid of a street light located between the two buildings the victim was able to recognize the woman. The woman, a black female whom the victim remembered as having a speech impediment, was a regular customer of the victim's grocery store. When the victim called out to the woman, she responded by running away. As the victim started to follow after the woman, he was attacked from behind.
The helpless victim was severely beaten and robbed of almost $2,000.00, including several $1.00 silver certificates, numerous $2.00 bills, and a rare "no motto" $20.00 bill. The police found the victim slumped over in an alley behind his store. He was rushed to a nearby hospital and later transferred to Schumpert Medical Center in Shreveport. The victim remained hospitalized for two weeks. As a result of the brutal attack, the victim sustained a broken left arm, a disfiguring injury to his left ear, and numerous lacerations and bruises.
When questioned by the police, the victim reported that a black male, in the company of a black female with a speech impediment, both of whom he had seen before in his store, assaulted and robbed him. The victim told the police that his attacker might have been one of Naiome Modisette's boys.
Armed with this information, the police interrogated Darlene Penigar, a black female with a speech impediment who matched the description of the woman given by the victim. Ms. Penigar confessed *1285 that she was with the defendant on the night he had beaten and robbed the grocery store owner. She lead the police to the site where defendant had allegedly hurled the victim's wallet and keys into the woods. Moments later, the police recovered a partially burned wallet and some keys which the victim later identified as belonging to him.
When the police attempted to arrest defendant in Haynesville, he fled. He was later apprehended in Homer, Louisiana by local authorities. A search of the defendant produced $1,800.00 in cash, including three $1.00 silver certificates, four $2.00 bills, and a "no motto" $20.00 bill.

ASSIGNMENT OF ERROR NUMBER 1
Defendant argues there was insufficient evidence to prove him guilty of the crimes charged. Specifically, defendant asserts the state failed to prove beyond a reasonable doubt that he was the perpetrator of the crimes.
In order to satisfy due process standards, the evidence, when viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984); State v. Hobbs, 494 So.2d 1246 (La.App. 2d Cir.1986).
The victim testified as to the circumstances of the crimes. Although he originally told police that his attacker might have been Naiome Modisette's son, the victim later positively identified defendant as his assailant in a photographic line-up and at trial. In addition, the victim identified Darlene Penigar as the woman who was with the defendant on the night of the attack.
Ms. Penigar testified that defendant committed the crimes. She stated that around 11:00 p.m. on the night of August 6, 1985 she and the defendant were walking around the victim's grocery store when the victim came out of the store. While the defendant hid behind the store, she began to run. When the victim started to follow her, he was attacked by the defendant. She saw the defendant strike the victim at least five times before she ran away. Later, she met up with the defendant who was carrying some money, keys, and a wallet She claimed defendant attempted to burn the wallet and threw the keys into the woods. The partially burned wallet and a set of keys were recovered by the police and identified by the victim as belonging to him.
Another critical piece of evidence linking defendant to the crimes was the $1,800.00 he had in his sock at the time of his arrest. Included within the $1,800.00 were three $1.00 silver certificates, four $2.00 bills, and a "no motto" $20.00 bill. The victim was robbed of nearly $2,000.00, including several $1.00 silver certificates, numerous $2.00 bills, and a rare "no motto" $20.00 bill. Defendant contended that shortly before his arrest his grandmother loaned him $500.00 and that he won an additional $1,300.00 gambling. The jury obviously discredited defendant's version of how he acquired such a substantial amount of money three weeks after he was released from prison.
Viewing the overwhelming evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the crimes of second degree battery and simple robbery were committed by the defendant.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends the trial judge erred in finding him to be an habitual offender under LSA-R.S. 15:529.1. He argues that the state did not provide adequate proof of his prior conviction and of his identity as the same person who was convicted of that offense.
To prove defendant's conviction in 1985 of simple burglary, the state introduced without objection minutes of court (dated January 8, 1985) showing that Marvin Evans was charged with simple burglary, waived formal arraignment, entered a plea of not guilty, and elected a trial by jury; and minutes of court (dated January 17, 1985) reflecting that Marvin Evans withdrew *1286 his plea of not guilty, entered a plea of guilty, was informed of his constitutional rights in accordance with Boykin v. Alabama, waived those rights, and was sentenced to serve two years at hard labor.
LSA-R.S. 15:529.1 requires proof of an accused's prior felony conviction as well as his identity. Moreover, the burden of proof rests with the state when an accused denies the allegations of the information or refuses to answer or remains silent. While LSA-R.S. 15:529.1 permits the establishment of prima facie proof of a prior felony conviction by compliance with Subsection F, the necessary facts which permit enhanced punishment may also or instead be proved by other competent evidence. State v. Curtis, 338 So.2d 662 (La.1976); State v. Lee, 364 So.2d 1024 (La.1978). In the present case, defendant's prior felony conviction was established by the minutes of court which reflected defendant's conviction and sentence for the crime of simple burglary. This evidence established sufficient proof of defendant's prior felony conviction.
Once the state establishes a prior felony conviction, then it must offer proof that the accused is the same person who was convicted of a prior felony. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record. State v. Curtis, supra.
The Louisiana Supreme Court in State v. Lee, supra, considered an attorney's identification of the defendant as the same person whom he had earlier represented in a simple burglary conviction sufficient evidence to establish defendant's identity under LSA-R.S. 15:529.1, noting that defendant offered no testimony. In State v. Augillard, 371 So.2d 798 (La.1979), a clerk of court's identification of the defendant as the same person who was convicted of the earlier offense was sufficient evidence to establish defendant's identity under LSA-R.S. 15:529.1, the court noting that defendant offered no testimony.
In the present case, the deputy sheriff in this rural parish identified the defendant from personal knowledge as the same person convicted of the earlier simple burglary offense. Defendant offered no evidence to the contrary. Under these circumstances, defendant's identity, for the purposes of LSA-R.S. 15:529.1, was sufficiently established. Thus the trial judge correctly found defendant to be an habitual offender.

ASSIGNMENT OF ERROR NUMBER 3
Defendant argues that the portion of his sentence which imposes a $2,000.00 fine plus court costs and in default thereof an additional one year in jail, should be vacated because he is indigent.
A trial court may not impose a maximum sentence of imprisonment and a fine which will cause an indigent defendant to be imprisoned beyond the maximum duration fixed by statute when he is unable to pay a fine. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Williams, 288 So.2d 319 (La.1974); State v. Helsley, 457 So.2d 707 (La.App. 2d Cir. 1984). Since defendant, who is indigent and facing long-term imprisonment, was sentenced as an habitual offender to the maximum period of incarceration on his second degree battery conviction and simple robbery conviction, the additional fine plus court costs and default time of one year must be vacated.
Defendant does not otherwise argue that the maximum sentences are excessive. Considering the brutal nature of the unprovoked attack, the serious injuries suffered by the victim, the seriousness of the offenses, and defendant's prior criminal record, the maximum sentences of imprisonment imposed are not unconstitutionally excessive.

ASSIGNMENT OF ERROR NUMBER 4
Defendant raises here, for the first time, the issue of whether he was denied the right to a jury trial of his peers because blacks were systematically excluded from the jury by the state. Although the assignment of error is framed in these Sixth Amendment terms, the argument is that defendant was denied equal protection under *1287 the Fourteenth Amendment because of the state's peremptory challenges of blacks on the jury venire.
In the present case, defendant, who is black, complains that the state used four peremptory challenges to exclude four blacks from the jury, resulting in an all white jury when two other potential black jurors were excused for cause, one by the defense and one by the state. However, defense counsel neither objected to the state's use of peremptory challenges nor otherwise raised the issue of purposeful discrimination in the trial court. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. LSA-C.Cr.P. Art. 841; State v. Qualls, 377 So.2d 293 (La.1979). An objection to "improper exclusion of blacks from the jury" is waived by failing to object at the time of selection of the jury. State v. Spencer, 446 So.2d 1197 (La.1984). In addition to the lack of a contemporaneous objection, there is nothing in the record to indicate that the persons challenged by the state were black or that the jury was an all white jury.
This case was tried in March, 1986 prior to the April 30, 1986 decision of the United States Supreme Court in Batson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which partially overruled Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and enunciated a new evidentiary standard for establishing purposeful discrimination arising out of the use of peremptory challenges in the selection of a jury. In Griffith v. Kentucky and Brown v. U.S., ___ U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the Supreme Court held that the rule of Batson should be applied retroactively to all cases pending on direct review or not yet final when Batson was decided. See State v. Mims, 505 So.2d 747 (La.App. 2d Cir.1987).
The rule of Batson is, therefore, applicable to the present case. We have considered whether the failure of defense counsel to object to the selection and composition of the jury should be excused and the discrimination issue considered on appeal in light of the fact that this case was tried before the rule in Batson was announced. Our conclusion is that the failure to object is not excusable because, although Batson announced an evidentiary standard which was a "clear break" from the previous Swain standard, it has long been the law that a black defendant is denied equal protection of the law when he is put on trial before a jury from which members of his race have been purposefully excluded. Strauder v. West Virginia, 100 Otto 303, 100 U.S. 303, 25 L.Ed. 664 (1880). If defendant had complaints on constitutional grounds about the selection and composition of the jury, objection should have been timely made and the issue raised in the trial court. Having made no objection at trial, and having made no record of the racial identity of the jury venire, the challenged jurors, or the jurors who were seated, defendant cannot for the first time on appeal complain of denial of equal protection rights in the jury selection process.

ASSIGNMENT OF ERROR NUMBER 5
In this assignment of error, defendant requests reversal of his convictions based on any errors patent on the face of the record. He cites certain evidentiary objections at the trial which were overruled by the trial court; however, these rulings do not constitute errors patent. Our perusal of the record reveals no errors patent.

DECREE
That part of the sentence imposing a $2,000.00 fine and in default thereof imprisonment of one year at hard labor is vacated and set aside. Otherwise, defendant's convictions and sentences are affirmed.
SENTENCE AMENDED AND OTHERWISE AFFIRMED.