524 So.2d 746 (1988)
STATE of Louisiana
v.
Darrell L. WILLIAMS.
No. 88-K-0132.
Supreme Court of Louisiana.
May 6, 1988.
John Mamoulides, Dist. Atty., Dorothy A. Pendergast, Terry M. Boudreaux, Asst. Dist. Attys. for plaintiff-applicant.
Martha E. Sassone, Indigent Defender Board, Gretna, for defendant-respondent.
PER CURIAM.
Granted in part. The trial court and court of appeal 516 So.2d 150 erred in holding that the proper time for the trial judge to rule on objections that the prosecutor exercised peremptory challenges of prospective jurors solely on account of race is after the trial in a post-conviction proceeding. At that point in time (post-conviction), the trial judge is powerless to correct the error, and the only available relief is the granting of a new trial.
In order to preserve the complaint that the prosecutor's use of a peremptory exception was based on race, the defense must make an objection before the entire jury panel is sworn. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court in Batson left open the method and the time for ruling on such objections, but it is clear from the suggestions in the opinion and from principles of judicial efficiency that the ruling must be made at a time when the trial judge can correct the error of which the objections complain.[1] The Batson decision suggested that the trial judge, if the objections are well founded, can correct the error either by denying the peremptory challenge and reinstating the challenged jurors or by dismissing the venire and selecting a new jury.[2] This suggestion indicates that the ruling on the objections must be made at some time before the completion of the jury panel.[3] Such a procedure avoids a reversal of the conviction, which is the only *747 relief available if the ruling on the objections is postponed until post-conviction proceedings.[4]
Because of the error in the present case in deferring a ruling on the objections, the case must be remanded to the trial court to hold an evidentiary hearing and to rule on the objections before the court of appeal renders a final decision on the appeal from the conviction.
Accordingly, the judgment of the court of appeal is amended to affirm the conviction conditionally. The case is remanded to the trial court to conduct an evidentiary hearing on defendant's objections to the prosecutor's use of peremptory challenges. Otherwise, the application is denied.
NOTES
[1] In footnote 24 the Court stated:

"In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today. For the same reason, we express no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire." (citations omitted)
[2] When one or more objections to peremptory challenges have been made, the trial judge should conduct a hearing outside the presence of the selected jurors and the venire and then determine whether the defendant has made a prima facie showing of discriminatory purpose and, if so, whether the prosecutor has established a neutral explanation for challenging the jurors. Batson v. Kentucky, supra.
[3] An obvious advantage of a prompt ruling on Batson objections is that memories are fresh and a better record can be made of such relevant factors as the race and the demeanor of the jurors, the neutral reasons for challenging the jurors, and the like.
[4] The very basis of the contemporaneous objection requirement (and of the prohibition against raising unobjected to errors on appeal) is to require the objecting party to call the error to the court's attention at a time when the court can effectively correct it. The reason for the contemporaneous objection requirement is defeated when the ruling on the objection is purposefully deferred until after the trial.