544 So.2d 27 (1989)
STATE of Louisiana
v.
Darryl FALLS.
No. KA 8793.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1989.
Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., New Orleans, for State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GARRISON, ARMSTRONG and BECKER, JJ.
ARMSTRONG, Judge.
Defendant, Darryl Falls, was charged by bill of information with two counts of armed robbery, violations of La.R.S. 14:64. He initially pled not guilty but later changed his plea to not guilty and not guilty by reason of insanity. Following a trial by jury defendant was found guilty as charged on both counts. Defendant's motions for new trial and for post-verdict judgment of acquittal were denied, and on that same day he was sentenced on each count to serve ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence, sentences to run consecutively. Defendant now appeals raising one assignment of error.
Defendant was convicted of the armed robbery of two workers at a bingo game at Holy Name of Mary School in Algiers. By defendant's sole assignment of error he contends that the trial court erred by failing to submit to the jury as a responsive verdict, "not guilty by reason of insanity," even though the defendant's plea was not guilty and not guilty by reason of insanity. The trial court's jury charge did not mention nor the jury's verdict sheet refer to, a responsive verdict of not guilty by reason of insanity.
Under La.C.Cr.P. arts. 803 and 805, the trial court was required to charge the jury with respect to the law applicable to the insanity defense, and further, that if the jury acquitted the defendant on account of a plea of insanity it must state that the defendant was found not guilty by reason of insanity. Under La.C.Cr.P. arts. 816 and 809, after so charging the jury, the trial court was required to give the jury a written list of responsive verdicts, including the verdict of not guilty by reason of insanity, which list was to be taken into the jury room for use by the jury during its deliberation.[1]
*28 The record does not reflect that the trial court complied with these statutory duties. However, counsel for defendant made no objection of any sort to these errors on the part of the trial court. La.C.Cr.P. art. 841 (now La.C.Cr.P. art. 841A) provides that:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
The rule requiring a contemporaneous objection has two purposes: (1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem, and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428 (La.1982); State v. Dupre, 339 So.2d 10 (La.1976). In the case at bar, had counsel for defendant objected to the failure of the trial court to charge the jury as required by law, the court could have properly charged the jury and placed the responsive verdict of not guilty by reason of insanity on the jury's verdict sheet.
Under La.C.Cr.P. art. 841, defendant is precluded from raising on appeal the trial court's failure to follow La.C.Cr.P. arts. 803, 805, 809, and 816. See State v. Thomas, supra. Also, the error is not a patent error under La.C.Cr.P. art. 920 because it is not discoverable by a mere inspection of the pleadings and proceedings, without inspection of the evidence.
We have discovered a patent error. Defendant was sentenced on the same day as his motions for new trial and post-verdict judgment of acquittal were denied. Under La.C.Cr.P. art. 873, sentence shall not be imposed until at least twenty-four hours after denial of a motion for new trial, unless the defendant expressly waives the delay. The record does not reflect that he waived this delay. However, defendant does not assign this as error nor does he allege any prejudice from his failure to waive the delay, if in fact he did not do so. Therefore, this error is deemed harmless. See State v. Hancock, 502 So.2d 1098 (La. App. 4th Cir.1987).
For the foregoing reasons, we affirm the convictions and sentences of the defendant.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 803 provides:

"When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense.
La.C.Cr.P. art. 805 provides:
"The court shall charge the jury that if it acquits a defendant on account of a plea of insanity it shall state that the defendant was found not guilty by reason of insanity.
La.C.Cr.P. art. 816 provides:
"In addition to the responsive verdicts in Articles 814 and 815, a verdict of not guilty by reason of insanity is responsive if a defendant has specially pleaded insanity in accordance with Article 552."
La.C.C.P. art. 809 provides:
"After charging the injury, the judge shall give the jury a written list of the verdicts responsive to each offense charged, with each separately stated. The list shall be taken into the jury room for use by jury driing its deliberation."