562 So.2d 25 (1990)
STATE of Louisiana
v.
David McDONALD.
No. 90-KA-46.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1990.
*26 Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Al Donovan, Dorothy Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
The defendant, David McDonald, was charged by bill of information with simple burglary in violation of LSA-R.S. 14:62. Pursuant to a plea bargain agreement, the defendant pled guilty as charged and was sentenced to ten years at hard labor. The district attorney subsequently filed a multiple offender bill, alleging that the defendant was a second offender. After a hearing, the trial court found that the defendant was a two-time felony offender. The defendant's original sentence was vacated and he was resentenced to ten years at hard labor. The defendant appealed. We affirm.
In his only assignment of error, the defendant requests that the record be reviewed for errors patent. We have reviewed the record for errors patent in accordance with guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5 Cir. 1989) writ den. 548 So.2d 1245 (La.1989), and find that the sentence imposed on the defendant, as a second offender, does not prohibit probation or suspension of sentence as required by the Multiple Offender Statute, LSA-R.S. 15:529.1(G). However, we find no error since the trial court did not suspend the defendant's sentence and did not grant the defendant probation.
We have also reviewed the record and the transcript of the defendant's guilty plea and have determined that the defendant was properly advised of, and knowingly and intelligently waived, his constitutional rights prior to the entry of his plea of guilty as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See State v. Godejohn, 425 So.2d 750 (La.1983).
Finally, we have reviewed the defendant's multiple offender proceeding for patent error and find that the record fails to reflect whether the defendant was advised of his right to remain silent at his arraignment on the multiple bill. LSA-R.S. 15:529.1(D); State v. Gilbert, 520 So.2d 1184 (La.App. 5 Cir.1988). However, the defendant did, in fact, exercise this right and did not testify, and, therefore, has suffered no adverse effects to his substantial rights sufficient to warrant reversal. LSA-C.Cr.P. art. 921.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.