572 So.2d 740 (1990)
STATE of Louisiana
v.
Anthony C. CANNON.
No. 89-KA-2208.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
Writ Denied March 22, 1991.
*741 Harry F. Connick, Dist. Atty. and Richard Olsen, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
SCHOTT, Chief Judge.
Defendant was convicted of attempted simple burglary of an inhabited dwelling, R.S. 14:62.2 note 27 and sentenced to five years. A review of the record reveals no errors patent.
By his only assignment of error defendant argues that his rights were violated by the state's use of peremptory challenges to exclude black persons from the jury and he is therefore entitled to a reversal of his conviction based upon Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and the Louisiana Supreme Court cases following Batson, State v. Williams, 524 So.2d 746 (La.1988) and State v. Collier, 553 So.2d 815 (La.1989).
The record shows that the jury selection had proceeded to the point where twelve jurors had been selected with only the alternate remaining to be selected when the following occurred:
BY MR. McCURDY:
Judge, at this time we would object to the State's systematic exclusion of blacks from this jury and move for a mistrial. They've exercised eight challenges against black people.
BY THE COURT:
Can we hold that objection until we get through with the selection of the jury. Then the Court will hear it, Mr. McCurdy.
BY MR. McCURDY:
All right.
BY THE COURT:
All right, proceed.
An alternate was selected, no further peremptory challenges where made by the state, and the process was complete when the following occurred:
BY THE COURT:
Mr. McCurdy, I believe you have a motion to make?
BY MR. McCURDY:
Yes, Your Honor. The grounds of the motion is [sic] this: At this time I made the motion originally, and objected, *742 the State had used every challenge that they had used so far to exclude black people from the jury. I think that was done with the purpose of creating a partial and biased jury.
BY THE COURT:
Do you have any evidence you want to present?
BY MR. McCURDY:
No, Your Honor, let the record speak for itself.
BY THE COURT:
I would like the record to reflect, in fairness to the State, that out of the panel of 50 prospective jurors, 37 of them were black.
BY MR. McCURDY:
I didn't count, Your Honor, but I do know that there was a preponderance of black jurors.
BY THE COURT:
I believe there were 37 black jurors. And you wish to present no evidence to show the State's system?
BY MR. McCURDY:
No, Your Honor, other than what appears on the record.
BY THE COURT:
Did the State challenge any members of any other race?
BY MR. McCURDY:
No, not at the time I made the objection.
BY THE COURT:
Motion's denied.
BY MR. McCURDY:
Please note my objection.
BY THE COURT:
Let the objection be noted.
The initial burden is on the defendant to show purposeful discrimination. To do so he must establish that he is a member of a cognizable racial group, that the prosecutor used its peremptory challenges to remove other members of that race from the jury, and that these facts, along with other relevant circumstances, raise an inference that the prosecutor used peremptory challenges to exclude jurors on account of race. Collier at page 818.
In this case defendant is black and the state used eight peremptory challenges on blacks. Thus, the defendant met the first two parts of his burden; however, he failed to meet the third part in order to establish a prima facie case of discrimination. He failed to produce any relevant circumstances to raise an inference of misuse of peremptory challenges by the state.
As the transcript shows, the trial judge offered defense counsel the opportunity to present evidence and he declined stating that he would rest his case on the record. The trial judge placed on the record the composition of the panel of prospective jurors, 37 black out of 50 or seventy-four percent black. By the time the prosecutor had exercised his eighth peremptory challenge the defense had peremptorily challenged four, three had been excused by the court, and twelve jurors had been selected. Because of the overwhelming number of blacks on the venire, most of those being challenged had to be black and possibly all those presented as prospective jurors were black. The record does not show the race of these individuals or of the twelve who were ultimately seated. (The state in its appellate brief informed this court that there were nine blacks, two whites, and one Asian on the jury, but this is not properly a part of the record.) The defendant failed to show the racial make-up of the jury, and he does not suggest that it was inconsistent with the racial make-up of the venire or the local population.
Since the record is devoid of any relevant circumstances beyond the naked facts that he is black and the state used peremptory challenges to exclude blacks to raise the inference that the prosecutor used his challenges to exclude jurors on account of race, defendant failed to make out a prima facie case of purposeful discrimination.
Defendant also contends that the trial court's failure to make a ruling on defendant's objection until after the selection process was completed was contrary to the Williams case, supra. The transcript shows that when defense counsel made the objection the trial judge asked him if he could hold it until jury selection was finished *743 and counsel agreed. Consequently, this objection is not properly before the appeal court. C.Cr.P. art. 841.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.