hPLOTKIN, Judge,
dissenting with reasons.
I respectfully dissent because the rule of law pronounced by the majority is inadvisable and deleterious.
*1247 The majority, in a well written opinion, holds that the rule in State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), (Dennis, J. dissenting), requiring the defendant to make a contemporaneous objection to a responsive verdict in a jury trial, should be extended by analogy to non-jury criminal trials.
In Elaire, the Court extensively analyzed the problem of lesser included offenses and legislatively-mandated responsive verdicts. The opinion turns on La.C.Cr.P. art. 814(C), which grants a trial judge in a jury trial discretion to grant or deny a jury instruction on a responsive verdict. The court categorically stated that the defendant must timely object to such a jury instruction in order to preserve the issue for appeal.
The pellucid reason for this requirement lies in the purpose for requiring a contemporaneous objection. La.C.Cr.P. art. 841(A), which establishes the contemporaneous objection rule, provides as follows: “An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of the occurrence.” In State v. Potter, 578 So.2d 528 (La.App. 4 Cir.1991), the court stated as follows:
The rule has two purposes:
(1) To put the trial judge on notice of the alleged irregularity so that he may cure the problem, and
(2) To prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection.
The Elaire opinion requires a defendant to object to a known incorrect law charge prior to the jury’s return with a responsive verdict. The holding does not require an objection to the responsive verdict itself. The reasoning is consistent with the order and procedures in a jury trial. In criminal jury trials, the judge is required to provide a copy ofj^the written charges to the defendant and to the State before he reads it to the jury in order to give the parties reasonable time to object before the jury retires. La.C.Cr.P. art 801. The comments to La.C.Cr.P. art. 807(C) supply the rationale for requiring trial judges to provide notice of the intended charges to defendants in Louisiana and for providing those defendants with an opportunity to object in jury trials.
(C) C.C.P. art. 1793 and Fed.Rule 30 further provide that: “the Court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury ...” The purpose of the provision is to allow the parties to argue to the jury any point of law that the judge may refuse to charge.
Non-jury trials are substantially different from jury trials both in form and in substance. Non-jury trials generally do not include opening statements or closing arguments. Further, when a case is being tried by a trial judge alone, the parties generally are provided no conferences or opportunities to discuss jury instructions or verdict forms. Thus, no formal or mandated halt in the trial proceedings are provided in non-jury trials to allow parties to discuss law or responsive verdicts. Trial judges possess the vast discretion to proceed from the close of the evidence to the verdict without cessation or interruption.
Under these conditions, the majority’s decision to impose the burden of contemporaneously objecting to a possible responsive verdict on defense lawyers is unfair and inequitable. More importantly, it creates significant secondary problems since it increases the potential claims of and grounds for ineffective assistance of counsel. Further, it deprives the defendant of a fair trial and undermines the due process requirements which protect the defendant from convictions except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In a compromise responsive verdict situation, Elaire insures that the defendant and counsel are fully informed of the jury’s responsive verdict options.
I respectfully submit that different interpretation and procedural application should be employed in non-jury criminal trials relating to responsive verdicts. La.C.Cr.P. art 814(C) reads:
Upon motion of the state or the defendant, or on its own motion, the court shall ex- *1248 elude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.
| sIn my view, the better procedure pursuant to La.C.Cr.P. art. 814(C) is as follows. When a judge is considering a compromise responsive verdict which has no relation to the evidence, the court should be given the burden and responsibility, before rendering a judgment, of asking the parties if they have any objection to the responsive verdict. Then, all the parties should be given the right to object to a responsive verdict after the court has notified the parties. Under this procedure, the defendant does not gain the advantage of being convicted of a lesser compromise verdict, then raising the issue for the first time on appeal, which is the problem the Elaire decision seeks to prevent.
I interpret the intent of La.C.Cr.P. art. 814(C) to exclude responsive verdicts from jury instructions rather than the verdict itself. This construction is self evident. Elaire, 424 So.2d 246; State v. Henry, 449 So.2d 486 (La.1984).
In the instant case, the record reflects that the trial judge rendered his judgment immediately after the close of the evidence and the denial of a directed verdict. After the judgment was rendered, the defendant objected to the lesser responsive verdict as soon as he learned of the court’s judgment. Under the circumstances, the defendant asserted a timely objection to the responsive verdict of attempted simple rape. No one disputes that the evidence is insufficient to support that verdict. Therefore, because the State failed to prove beyond a reasonable doubt the essential elements of attempted simple rape, the defendant should not have been convicted. The conviction should be vacated.
Accordingly, I would reverse.